## M. H. Ringo *v.* J. G. Ford.

**Landlord and Tenant—Lien—Crops Raised by Sub-Tenants.**
> A landlord has a lien on crops raised by sub-tenants to secure the rent, and they have no right to reserve the crops, and if they do so, they should be regarded as the agents of the original tenant.

**Parties—Sub-Tenants—Action for Rent.**
> In an action by a landlord for rent, it is not necessary to make sub-tenants parties.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 7, 1874.

OPINION BY JUDGE PRYOR:

The land was rented by the appellant, Mrs. Ringo, to the appellee, and he rented it to his father, M. S. Ford, and Rolley Davies. He agreed, when the contract was made, to execute his note for the rent; this he declined to do, for the reason that the land was not surveyed. When the survey was made he declined to execute the note for the reason that he had rented the land to his father and Davies.

They declined to execute a note or pay, as they had rented of Ford. No note was ever executed or money paid, and the appellee now insists that he could not have recovered the property, or have been about to do so, as all the crop on the place belonged to the subtenants. Mrs. Ringo had a lien on the crop for her rent, and the act of the subtenants with reference to the crop, was that of the original tenant. They had no right to reserve the crop, and if they, did, so far as Mrs. Ringo was concerned, they are to be regarded as the agents of her tenant.

It was not necessary to make these subtenants parties. A proceeding against John Ford was proper and the only legitimate mode of making her rent. These subtenants executed a claimant's bond, and took the property after it had been levied on. Neither of these subtenants have any estate. The appellee owns a horse and buggy only. The crop has all been consumed by these parties, and not one dollar of the rent paid. If these facts do not demonstrate the truth of Mrs. Ringo's statement that she was about to lose her rent, it would be difficult to present a case in which such an apprehension could be well founded. The judgment is reversed with directions to sustain the attachment, and for further proceedings consistent herewith.

*Sweeney, for appellant.*

*Owen & Ellis, for appellee.*